JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
 (702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com

Attorneys for Defendants
SMITH'S FOOD & DRUG CENTERS, INC.
DAVID HUFFER

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LINDA SEVERSON,<br><br>                  Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Corporation, d/b/a SMITHS; DON ENGLAND, an Individual; DAVID HUFFER, an Individual DOE EMPLOYEE; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>                  Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

Defendants, SMITH'S FOOD & DRUG CENTERS, INC. ("SMITH'S") and DAVID HUFFER ("HUFFER"), hereby give notice of  their removal of Case No. A-20-826252-C from the Eighth Judicial District Court, Clark County, Nevada, to this Court. This Notice of Removal is filed pursuant to 28 U.S.C. §§1441(a) and 1446. As grounds for removal, Defendants state as follows:

**I.**

**NOTICE OF REMOVAL IS TIMELY**

1.  On September 10, 2020, Plaintiff, LINDA SEVERSON, originally filed this lawsuit against SMITH'S and one of its employees, JASON SONNENBURG ("SONNENBURG"), a Nevada resident.  Because SONNENBURG had no independent negligence, was not even working at the SMITH'S store when the alleged accident occurred and was only being sued because he was a

Nevada resident, which would destroy complete diversity of citizenship, Defendants removed this case to federal court on October 15, 2020—Case No. 2:20-cv-01916-JCM-NJK.

On October 19, 2020, SONNENBURG filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment.[1] Before the Court could make a decision on the motion, on November 2, 2020, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice.[2] The Court granted Plaintiff's Motion for Voluntary Dismissal Without Prejudice on December 4, 2020.[3]

On December 11, 2020, Plaintiff filed a Complaint in state court against SMITH'S, HUFFER and an individual named DON ENGLAND. According to the Complaint, DON ENGLAND was a manager at SMITH'S when the accident occurred. Yet no person worked at the SMITH'S store where the subject accident occurred with that name. Pursuant to 28 U.S.C. §1446(a), a complete copy of the state court file, including the Complaint and process, is attached hereto as Exhibit "A".

2. HUFFER was served with process on or about December 22, 2020.

3. SMITH'S was served with process on or about December 28, 2020.

4. The Complaint filed and served on SMITH'S contains a prayer for relief for "General damages in an amount in excess of $15,000.00;". (Compl. at p. 6).

5. Before litigation was filed in Nevada State Court, Plaintiff's attorney sent a letter to SMITH'S Third-Party Claim Administrator dated February 5, 2020. Therein, Plaintiff itemized medical expenses in the total amount of $175,893.36. A copy of the demand letter dated February 5, 2020 is attached hereto as Exhibit "B". Based upon the amount of medical bills allegedly related to this accident/litigation, Defendants believe that the "amount in controversy" exceeds the jurisdictional minimum for diversity jurisdiction.

6. This Notice of Removal is timely filed under 28 U.S.C. §1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained th

---

[1] ECF No. 6.

[2] ECF No. 9.

[3] ECF No. 14.

2

CLAC 6136622.1

at the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

7. The following pleadings have been entered and/or filed in State Court:

    a. Plaintiff's Complaint filed December 11, 2020;

    b. Affidavit of Service for HUFFER filed December 29, 2020; and

    c. Affidavit of Service for SMITH'S filed December 29, 2020.

8. Other than the pleadings discussed above, no further proceedings have taken place in District Court, Clark County, Nevada as of the filing of this notice of removal.

## II.

## DIVERSITY JURISDICTION EXISTS

9. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332. This action may be removed pursuant to 28 U.S.C. §1441, because the amount in controversy exceeds $75,000, exclusive of interest and costs; the suit involves a controversy between citizens of different states; and none of the properly joined defendants is a citizen of Nevada.

### A. The Amount in Controversy Requirement is Satisfied.

10. The Complaint filed and served on SMITH'S contains a prayer for relief for "General damages in an amount in excess of $15,000.00;". (Compl. at p. 6).

11. Plaintiff's demand letter of February 5, 2020, indicates that Plaintiff has incurred medical expenses in the amount of $175,893.36. (*See* Exhibit "B").

### B. The Parties Are Diverse.

12. The diversity of citizenship requirement is satisfied. Defendants are informed and believe that Plaintiff was at the time of her Complaint a citizen and resident of the State of Nevada. (*See* Compl. ¶1) .

13. SMITH'S was at the time of the filing of Plaintiff's Complaint and is now an Ohio Corporation with its principal place of business in the State of Utah.

14. Under Nevada law, only an entity with *ownership, possession, or control* of a particular premises may be held liable under a negligence theory for personal injury caused by hazardous condition existing on that premises. *See Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 250

3

CLAC 6136622.1

(Nev. 1993) ("[A] *business* owes its patrons a duty to keep the premises in a reasonably safe condition for use." (emphasis added); *see also Hall v. SSF, Inc.*, 112 Nev. 1384, 1393 (Nev. 1996) ("In Nevada, a *proprietor* owes a general duty to use reasonable care to keep the premises in a reasonably safe condition for use.") (citing *Moody v. Manny's Auto Repair*, 110 Nev. 320, 331-33 (Nev. 1994)); *see also Worth v. Reed*, 79 Nev. 351, 354 (Nev. 1963) ("[A]n *owner* owes an invitee the duty of ordinary care.") (citing *Nevada Transfer & Warehouse Co. v. Peterson*, 60 Nev. 87, 90 (Nev. 1939)) (emphasis added); *see also Asmussen v. New Golden Hotel Co.*, 80 Nev. 260, 262 (Nev. 1964) ("[A] *proprietor* owes his invited guests a duty to keep the premises in a reasonably safe condition for use.") (citing *Doud v. Las Vegas Hilton Corp.*, 109 Nev. 1096, 1101 (Nev. 1993)) (emphasis added). Further, it is clear under Nevada law that an *employer cannot delegate* the duty to maintain the premises in a reasonably safe condition to an employee. *Cutler v. Pittsburg Silver Peak Gold Mining Co.*, 116 P. 3d 418, 422 ("The employer *cannot delegate this duty* [to exercise care, diligence, and caution] *to another* and thereby free himself from responsibility.") (emphasis added).

15. HUFFER was at the time of the filing of Plaintiff's Complaint and is now a citizen and resident of the State of Nevada. However, HUFFER is a sham Defendant named only to defeat diversity of citizenship jurisdiction. Under the Fraudulent Joinder Doctrine, HUFFER'S citizenship should be ignored.

16. "DON ENGLAND" was not and never has been an employee at the SMITH'S store where the alleged accident occurred. Therefore, DON ENGLAND is a fictitious defendant and his alleged citizenship should be ignored. "In determining whether a civil action is removable on the basis of jurisdiction under [§] 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

### III.

### REMOVAL TO THIS JURISDICTION IS PROPER

17. Pursuant to 28 U.S.C. §§1332, 1441, and 1446, removal of the above-captioned state court action to this Court is appropriate.

18. Pursuant to 28 U.S.C. §1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending 28 U.S.C. §108.

19. Defendants reserve the right to amend or supplement this Notice of Removal.

20. Defendants reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

21. Defendants request a trial by jury of all issues.

22. Defense counsel is providing Plaintiff, by and through her counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d). Further, Defense counsel is filing a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court, Clark County, Nevada, where the action is currently pending.

Dated this 21st day of Janaury, 2021.

                COOPER LEVENSON, P.A.

By  /s/ Jerry S. Busby
Jerry S. Busby
Nevada Bar #001107
Gregory A. Kraemer
Nevada Bar #010911
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
Attorneys for Defendants
SMITH'S FOOD & DRUG CENTERS, INC.
DAVID HUFFER

5

CLAC 6136622.1