UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA SEVERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-cv-0116-KJD-EJY<br><br>ORDER |

　　　Presently before the Court is Defendant David Huffer's Motion to Dismiss (#4). Plaintiff filed a response in opposition (#7) to which Defendant Huffer replied (#9). Also before the Court is Plaintiff's Motion to Remand (#6). Defendants filed a response in opposition (#13) to which Plaintiff replied (#15).

I. Background

　　　This case arises out of an alleged slip and fall that occurred at Defendant Smith's grocery store located at 2255 East Centennial Parkway, North Las Vegas, Nevada 89081 on December 22, 2018.  Plaintiff Linda Severson alleges that on December 23, 2018, she slipped on an improperly maintained walkway near the store entrance because there was a substance on the floor that made it unreasonably slippery. With no warning of the slippery floor, Plaintiff fell and injured herself. Plaintiff filed a negligence premises liability action in Nevada state court on September 10, 2010, naming Smith's Food & Drug Centers, Inc. ("Smiths") and David Huffer, as the store manager, as Defendants. Smiths removed this action January 21, 2021.

　　　Plaintiff alleges that Huffer, a non-diverse resident of Nevada, failed to act reasonably and to follow known safety procedures and failed to inspect, maintain, clean and/or warn of the dangerous slippery substance and is liable to Plaintiff for causing her injuries. Plaintiff also

alleges that Huffer was responsible for establishing and carrying out policies and procedures setting forth reasonable precautions to prevent dangerous conditions. Further, Plaintiff alleges that Huffer was responsible for hiring, training and supervising employees to carry out policies and procedures to prevent dangerous conditions. Further, Plaintiff alleges that Huffer was not acting within the scope of his employment and that he was personally negligent.

Defendants removed the action from state court despite Duffer's presence as a resident defendant, asserting that he had been fraudulently joined. Duffer has now moved to dismiss the claims against him and Plaintiff has moved to remand the case.

II. Standard

A. Removal and Remand

A defendant may remove state court proceedings to the federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Original jurisdiction exists when the parties are from different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing defendant has the burden of establishing that removal is proper and "[removal] must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).

To establish the required complete diversity under 28 U.S.C. § 1332, "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). However, fraudulent joinder of a non-diverse defendant is one exception to complete diversity. Id. Joinder of a non-diverse defendant is fraudulent if "the plaintiff fails to state a cause of action against the [non-diverse] defendant and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

B. Motion to Dismiss

In premises liability actions, a federal court applies the forum state's substantive law. Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002). A motion to dismiss pursuant to FRCP 12(b)(6) tests the legal sufficiency of the claims set out against the moving party, and it should not be granted unless it appears to a certainty that the plaintiff is entitled to no relief under any

set of facts which could be proven in support of the claims. See Fed. R. Civ. P. 12(b)(6); see also De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Dismissal for failure to state a claim is appropriate where no set of facts could be established consistent with plaintiff's complaint that would entitle plaintiff to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) ("[T]he pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.") (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). For purposes of considering a FRCP 12(b)(6) motion, a court must accept the allegations of the complaint as true and draw all inferences in favor of the non-moving party. See Bell Atl. Corp., 550 U.S. at 555-56. If, even under this liberal standard, the complaint fails to state a claim, dismissal is appropriate. Id.

III. Analysis

Fraudulent joinder of a non-diverse defendant is established in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting Smallwood v. Illinois Cent. RR. Co., 385 F.3d 568, 573 (5th Cir. 2004)). Additionally, the defendant "bears a heavy burden" of proving that the joinder was improper. Id. Here, Defendant does not claim actual fraud. Instead, Defendant has met his heavy burden in establishing that Plaintiff has not alleged a cause of action against Defendant Huffer.

The law in Nevada provides that only an entity with ownership, possession, or control of a particular premises may be held liable under a negligence theory for personal injury caused by a hazardous condition existing on that premises. See Sprague v. Lucky Stores, Inc., 109 Nev. 247, 250 (Nev. 1993) ("[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use."); see also Hall v. SSF, Inc., 112 Nev. 1384, 1393 (Nev. 1996) ("In

1  Nevada, a proprietor owes a general duty to use reasonable care to keep the premises in a
2  reasonably safe condition for use") (citing Moody v. Manny's Auto Repair, 110 Nev. 320, 331-
3  33 (Nev. 1994)); see also Worth v. Reed, 79 Nev. 351, 354 (Nev. 1963) ("[A]n owner owes an
4  invitee the duty of ordinary care") (citing Nevada Transfer & Warehouse Co. v. Peterson, 60
5  Nev. 87, 90 (Nev. 1939)); see also Asmussen v. New Golden Hotel Co., 80 Nev. 260, 262 (Nev.
6  1964) ("[A] proprietor owes his invited guests a duty to keep the premises in a reasonably safe
7  condition for use") (citing Doud v. Las Vegas Hilton Corp., 109 Nev. 1096, 1101 (Nev. 1993)).
8  Further, it is clear under Nevada law that an employer cannot delegate the duty to maintain the
9  premises in a reasonably safe condition to an employee. Cutler v. Pittsburg Silver Peak Gold
10 Mining Co., 116 P. 3d 418, 422 ("The employer cannot delegate this duty [to exercise care,
11 diligence, and caution] to another and thereby free himself from responsibility").

12      Plaintiff does not allege any facts in the complaint that demonstrate individual acts of
13 negligence by Huffer, apart from his role as manager, acting in the course and scope of his
14 employment for Smiths. Instead, Plaintiff alleges legal conclusions and non-descript elements of
15 causes of action. "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed
16 factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
17 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
18 of action will not do." Twombly, 550 U.S. at 555. Additionally, factual allegations must rise to
19 the level of plausibility required by Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Here,
20 Plaintiff has not made any plausible factual allegations that assert that any actions by Huffer
21 could possibly be outside the scope of his employment.

22      This Court and other departments in the District of Nevada have routinely found that
23 these distasteful attempts to avoid federal jurisdiction by adding store employees as individual
24 defendants are not valid. See, e.g., Sanchez v. Target, 2:21-cv-00058-KJD-DJA, Doc.No. 11 (D.
25 Nev. March 12, 2021) ("the store employees are not necessary for the just adjudication of this case .
26 . . Any recovery for their alleged negligence can be recovered from [the employer] under the
27 doctrine of *respondeat superior*") (citing Burnett v. C.B.A. Sec. Service, Inc., 820 P.2d 750, 752
28 (Nev. 1991)); Bailey v. Smith's Food & Drug Centers, Inc., 2:20-cv-00328-JAD-VCF, Doc No.26, p.

16 (D. Nev. April 16, 2020) ("There is no legal duty under Nevada law . . . that these employees personally owed to [plaintiff]"); Mahay v. Wal-Mart Stores, Inc., 2:16-cv-2041-JAD-NJK, Doc. No. 21, p. 13-15 (D. Nev. October 21, 2016) ("inverse vicarious liability" where the store manager assumes personal responsibility for the liability of the employer does not exist in Nevada). In response to these arguments, Plaintiff merely cites to California law and sections of the Restatement (Second and Third) of Torts that have not been adopted by Nevada in the manner argued. The duties at issue here are owed by Defendant Smiths and not by individual store employees to third party customers. The law in Nevada provides that only an entity with ownership, possession, or control of a particular premises may be held liable under a theory for personal injury caused by a hazardous condition existing on that premises. See, e.g., Moody, 110 Nev. at 333 ("[A]n owner or occupier of land should be held to the general duty of reasonable care when another is injured on that land."); Cutler, 116 P. at 422. Here, Plaintiff has not pled any plausible facts that demonstrate potential tort liability based on the acts of Defendant Huffer, therefore, the Court grants the motion to dismiss Huffer. Consequently, the motion to remand is denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant David Huffer's Motion to Dismiss (#4) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (#6) is **DENIED**.

Dated this 2nd day of September, 2021.

Kent J. Dawson
United States District Judge