UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA SEVERSON,<br><br>         Plaintiff,<br><br>    v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., et al.,<br><br>         Defendant. | Case No. 2:21-cv-00116-KJD-EJY<br><br>ORDER |

Presently before the Court is Defendant's Motion for Summary Judgment (#36). Plaintiff filed a motion in opposition (#37) to which the Defendant replied (#38).

I.   Factual and Procedural Background

On December 22, 2018, Plaintiff, Linda Severson ("Severson"), was at Defendant Smith's Food & Drug Centers, Inc. ("SFDC"), North Las Vegas location when she slipped and fell near the grocery cart corral. (#1-2, at 2-7). An SMDC employee at the time, Ryan Miller ("Miller") witnessed Severson fall and filled out an internal witness statement following the accident. (#36-3). Miller described seeing Severson enter the store through the cart garage door by ducking underneath it, then losing her balance and stumbling forward. Id. That particular entrance is only four feet high. (#36-5). He reported hearing her hit the metal railing on her way down, then going to help her and calling an ambulance. (#36-3). Severson disagrees with Miller's assessment of the events. (#37, at 33).

Another SFDC employee, Greg Wyatt ("Wyatt"), responded to Severson as she laid on the floor. He filled out the "Incident Report" following the accident. (#36-5). The incident report described how Severson entered through the shopping cart entrance and lost her balance and fell. Id. Neither Miller's witness statement nor Wyatt's incident report indicated any spills or debris

in the area where Severson fell.

Severson testified that she did not have to duck as she entered the store and that as she was walking, she saw a slick, clear, shiny substance on the floor. (#37, at 29). She did not take any photographs after the incident because she was taken to the hospital. (#36-6). There was no video that showed that part of the store. Id. She did not know what the substance was, or how it got there. Id. Severson was not aware of anyone else slipping on any substances that day at SFDC, and she did not have any information about whether a SFDC employee caused the substance to be there, or that any employee knew it was there. Id. Severson was also unaware of whether there was any evidence of that substance on her clothing because her clothing was discarded on her way to the hospital. Id. at 5.

Severson hired an engineering expert, Gary Presswood ("Presswood") to do a physical site inspection of SFDC. (#37, at 39). Presswood conducted this inspection on November 15, 2021, almost three years after the incident. Id. at 50. Presswood examined, photographed, and performed slip-resistant testing of the subject flooring surface. Id. Presswood concluded that the floor where Severson fell "would be categorized as hazardous (i.e., not slip-resistant) as established by well-adopted scientific and engineering principles." Id. at 53. He also concluded that "if the subject floor contained any oily substance as reported, the floor would typically be significantly more hazardous than in a dry condition." Id. Severson also noted that it was impossible for him to recreate the exact conditions that existed at the time of the accident. Id. at 52.

SFDC retained a Fed. R. Civ. P. ("Rule") 30(b)(6) witness who testified that the floors were being cleaned overnight by a third-party floor crew company, but also that he did not know exactly when the flooring surface had been cleaned last. (#37, at 45).

Severson's complaint asserts one negligence claim against SFDC. (#1-2). SFDC moves the Court for summary judgment, arguing that there is no genuine issue of material fact for trial because there is no evidence that there was any slippery substance, and no evidence that SFDC had constructive notice of the alleged substance. (#36). Severson argues there are disputed materials facts appropriate for trial. (#37).

## II. Legal Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it[.]" Id. at 251. "Where evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that 'issue is inappropriate for resolution on summary judgment.'" Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (quoting Direct Techs., LLC v. Elec. Arts, Inc., 836 F.3d 1059, 1067 (9th Cir. 2016)).

## III. Analysis

To state a claim for negligence, a plaintiff must show "(1) that the defendant had a duty to exercise due care with respect to the plaintiff; (2) that the defendant breached this duty; (3) that the breach was both the actual and proximate cause of the plaintiff's injury; and (4) that the plaintiff was damaged." Joynt v. California Hotel & Casino, 108 Nev. 539, 542 (1992).

In Nevada, "a business owes its patrons a duty to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 109 Nev. 247, 250 (1993). If a spill causes a slip and fall accident and the business owner or one of its agents caused the spill, the business

1  owner will be liable for breaching its duty to keep the premises reasonably safe. See Asmussen v.
2  New Golden Hotel Co., 80 Nev. 260, 262 (1964). However, if the business owner did not cause
3  the spill, the business owner will be liable only if there was constructive notice of the spill and
4  failure to remedy it. See id. Thus, a business may be liable either for showing (1) the business or
5  its agents or employees caused the presence of the foreign substance; or (2) it had actual or
6  constructive notice of the condition. See Eldorado Club, Inc. v. Graff, 78 Nev. 507, 510 (1962).

7      SFDC argues that the crux of this case is whether there was really a hazardous or foreign
8  substance found on the floor by SFDC personnel, either before or after the incident. (#36, at 2-3).
9  SFDC argues that Severson has not found any "proof or circumstantial evidence from which an
10 inference could be drawn that there was a 'slick substance' on the floor which caused her to fall.
11 Id. at 3. SFDC also argues that beyond not proving that there was any foreign substance on the
12 floor, Severson cannot prove that SFDC or one of its agents caused, created, or had constructive
13 notice of the substance. Id. at 3-4.

14     Severson argues there are genuine disputes of material fact for a jury to consider. (#37).
15 Specifically, Severson argues that Presswood's expert opinion regarding the conditions of the
16 floor are circumstantial evidence of negligence, that SFDC's 30(b)(6) witness testified he did not
17 know the last time the subject floor had been cleaned and mopped before the incident, and that
18 he did not know if any slip-resistant coating had been used on the floor. Id. at 9-10.

19     The Court finds that Severson has not met her burden of showing a genuine dispute of
20 material facts. Severson testified that she saw a slick, glossy substance as she fell, but has failed
21 to present any evidence, whatsoever, that there was any type of substance on the ground. One
22 cannot defeat a motion for summary judgment with only conclusory allegations.

23     Not only does Severson not present evidence of a hazardous substance at the time of her
24 accident, she does not present any evidence, circumstantial or otherwise, that SFDC had
25 constructive notice of any hazardous substance. Severson conceded that there is no video, no
26 photographs, no witnesses describing any substances, and no previous complaints or anyone with
27 knowledge of a hazardous situation in the cart corral. There was no reported evidence on her
28 clothing of any substance, either. Further, two SFDC employees refuted the claim that there was

any foreign substance on the floor. Negligence must be proven, and not assumed. Severson has not demonstrated that SFDC breached its duty of keeping its premises reasonably safe for patrons.

Severson points to Presswood's expert opinion about the conditions of SFDC's flooring. However, Presswood admitted that it was impossible to recreate the flooring conditions that existed at the time of the accident. Additionally, Presswood performed his analysis almost three years after the incident. Presswood's speculative opinion is not enough to create a genuine issue of material fact.

Finally, Severson points to SFDC's 30(b)(6) witness who could not specify the exact date of the last time the flooring was cleaned or mopped, but did testify that during that time a third-party cleaning crew was cleaning the floors every night. This is not a *genuine* issue of *material* fact appropriate for trial. Severson has failed to adduce specific facts indicating that SFDC, or one of its employees caused the alleged foreign substance, or that there was constructive notice. Even in viewing the facts in light most favorable to Severson, she has failed to defeat the motion for summary judgment.

IV.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Smith's Motion for Summary Judgment (#36) is **GRANTED;**

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendant SFDC and against Plaintiff.

DATED this 13th day of March 2023.

_____
Kent J. Dawson
United States District Judge